IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:24-cr-00266-J-1 |
| | ) | |
| RYAN BLOOM | ) | |

### DEFENDANT RYAN BLOOM'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM CHANGING FRAUD THEORIES AGAIN

The government has changed its fraud theory three times. Each shift has prejudiced Mr. Bloom's defense preparation, and any further changes will violate his due process rights. Defendant Ryan Bloom now moves this Court for an order *in limine* precluding any further shifts in fraud theories at trial. For the reasons set forth below, the Court should grant this motion.

### FACTUAL AND PROCEDURAL BACKGROUND

**A. The Original Case**

Ryan Bloom founded and operated Pathfinder, an electrical and utility construction company that helped build electric vehicle charging stations. In early 2023, Pathfinder entered a BusinessManager Agreement with Valliance Bank. When Pathfinder filed for bankruptcy in August of that same year, the bank accused him of fraud. The government indicted Mr. Bloom in July 2024 after interviewing only three witnesses, apparently believing it could build a criminal case on the bank's allegations alone.

1

### B. The Government's First Theory

The government's initial theory was straightforward, if flawed. The July 2024 indictment parroted allegations that Valliance made during the bankruptcy proceeding and relied on a fraudulent inducement theory. It claimed that when Mr. Bloom executed the agreement on February 2, 2023, he fraudulently represented that Pathfinder "would make available for purchase only valid accounts receivable." ECF No. 1 ¶ 7. Under this theory, Mr. Bloom's signature induced Valliance to purchase fraudulent accounts for work that Pathfinder "never completed and was not contracted to complete." *Id*.

After the indictment, the government shifted the burden to the defense. Defense counsel walked FBI agents through many of the company's invoices to demonstrate their legitimacy—essentially doing the government's job while the prosecutor and lead agent revised their theories in real time. This process collapsed when it became clear that the government was molding its case to fit predetermined conclusions rather than following evidence to logical outcomes.

### C. The Government's Second Theory

Rather than dismissing the flawed case, the government filed a superseding indictment in May 2025. ECF No. 41. This new indictment alleged an eight-month scheme from February through September 2023 but focused exclusively on accounts the bank purchased during five weeks in June and July 2023. *Id*. ¶¶ 6–7. The superseding indictment maintained that "most" of

2

these accounts were "for work that Pathfinder never completed or was never hired to complete." *Id.* ¶ J. The theory, therefore, posited two fraudulent scenarios: Pathfinder sold Valliance accounts that the company was (1) never hired to perform, or (2) was hired to perform but never did.

### D. The Government's Third Theory

On June 23, 2025, defense counsel met with the government about a motion for a bill of particulars. During that call, the government unveiled yet another fraud theory: In some of the charged counts, Pathfinder performed the work, but allegedly not enough of it. This marked another fundamental shift. The superseding indictment charges fraud based on work that Pathfinder "never completed or was never hired to complete." But nowhere does it purport to elevate disputes about milestone billing into allegations of fraud.

The next day, defense counsel sought clarity. Counsel told the government it would forgo its planned motion for a bill of particulars if the government would confirm three things: (1) they would offer evidence on only the ten invoices in the superseding indictment; (2) they would not call witnesses from unidentified Pathfinder customers; and (3) they would specify the false statements each invoice allegedly contains. *See* Ex. A.

The government's response was telling. The government largely confirmed the first two points but ducked the third. They pointed vaguely to

the invoices Pathfinder submitted and made generic references to columns on Pathfinder's invoices as the allegedly false or fraudulent misrepresentations.

Defense counsel responded, explaining that the government's vague response left the defense unable to prepare effectively. Counsel reminded the government that their June 23 call had revealed three distinct fraud categories: Pathfinder was never hired, Pathfinder was hired but did no work, or Pathfinder did work but not enough. Only the first two categories match the superseding indictment's language. The defense needed to know which category applied to each charged account. *See* Ex. B.

### E. The Government Clarifies its Theory of the Case

On July 28, 2025, the government finally provided written notice of its trial theories. The government now claims that for most counts—Counts One through Five, and Eight through Ten—Pathfinder was never hired and did no work. For two counts—Counts Six and Seven—it claims Pathfinder did some work but not enough. Ex. C. Mr. Bloom memorialized his intent to rely on the government's representation in a Notice to the Court. *See* ECF No. 47.

## BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM SHIFTING FRAUD THEORIES AGAIN

The government has repeatedly shifted its fraud theories throughout this case, prejudicing Mr. Bloom's ability to mount a focused defense.

Mr. Bloom deserves to know what charges he faces so he can defend against them. The Court should hold the government to its written commitments.

A defendant cannot be tried on charges not made in the indictment. *Hunter v. State of N.M.*, 916 F.2d 595, 598 (10th Cir. 1990) (cleaned up). The Sixth Amendment requires that every accused know "the nature and cause of the accusations filed against him." *Id.* The government's shifting theories in this case have put those Sixth Amendment interests at risk.

The government began with a fraudulent-inducement theory. It then superseded to target work that Pathfinder was allegedly never hired to perform. Later still, the government indicated that it was introducing evidence about work that was performed but was insufficient to justify submission.

Finally, on July 28, 2025—after Mr. Bloom repeatedly raised due process concerns—the government provided the defendant with written notice that it intends to proceed on the following theories at trial.

- ***Counts 1-5 and 8-10.*** For Counts One through Five and Eight through Ten of the Superseding Indictment, the government plans to advance the theory that Pathfinder was never hired by Francis Energy LLC and Dannic Solutions LLC and completed no work on the accounts that the bank purchased under the BusinessManager agreement.

- ***Counts 6-7.*** For counts Six and Seven of the superseding indictment, the government plans to advance the argument that Pathfinder was hired

5

by Dynamic EVC LLC, and performed some work, but not the amount listed on the invoice.

*See* ECF No. 47; *see also* Ex. C.

Mr. Bloom has relied on these representations and prepared his defense around the theories in the government's written notice. He has identified witnesses, retained experts, and organized documentary evidence accordingly.

In light of that, the Court should preclude the government from arguing or advancing any fraud theories inconsistent with those it has represented to counsel. This protection is essential to prevent the unfair surprise that would result from yet another last-minute shift in theory.

Date:  August 15, 2025             Respectfully submitted,

                                        */s/ Edward J. Canter*
                                        J. Alex Little (pro hac vice)
                                        Edward J. Canter (pro hac vice)
                                        Litson PLLC
                                        54 Music Square E, Suite 300
                                        Nashville, Tennessee 37203

                                        *Attorneys for Ryan Bloom*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF system, which provided notice to all counsel of record.

*/s/ Edward J. Canter*
Edward J. Canter
