

Edward J. Canter
615.985.8875
ted@litson.co

July 13, 2025

**VIA EMAIL**

D.H. Dilbeck
U.S. Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Email: dale.dilbeck@usdoj.gov

      Re:    *United States v. Ryan Bloom*, No. 5:24-cr-00266-J-1 (W.D. Okla.)

Dear D.H.:

      I write in response to your June 30, 2025, email regarding the charged accounts in the superseding indictment.

      Your response, while appreciated, does not provide sufficient detail for us to prepare an effective defense. Based on our June 23, 2025 call, the government views the false statements as falling into three distinct categories: (1) situations where Pathfinder was never hired by the purported client; (2) situations where Pathfinder was hired but performed no work; and (3) situations where Pathfinder performed some work, but not enough to justify the invoiced amount. The first two categories track the superseding indictment's language, which alleges that "most of the accounts receivable" Valliance purchased were "for work that Pathfinder never completed or was never hired to complete." ECF No. 41 ¶ J. To prepare our defense effectively, we need to understand which category applies to each charged account.

      Please identify which of the three categories applies to each account in the ten charged bank fraud counts by July 18, 2025. This will enable us to focus our investigation on the government's theory and prepare effectively for trial.

      You may wish to preserve flexibility in your case presentation, but the categorical approach you outlined represents the government's own analytical framework as set forth in the superseding indictment. Applying it to the specific accounts is consistent with principles of due process and fundamental fairness.

Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
www.litson.co

2

I look forward to your response and to continuing our dialogue in the constructive spirit that has characterized our discussions to date.

Very truly yours,

*/s/ Edward J. Canter* .
Edward J. Canter