IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 5:24-cr-00266-J-1 |
| | ) | |
| **RYAN BLOOM** | ) | |

### DEFENDANT RYAN BLOOM'S MOTION TO DISMISS COUNTS SIX AND SEVEN OF THE SUPERSEDING INDICTMENT

The federal bank fraud statute requires the government to allege a material misrepresentation made in furtherance of a scheme to defraud a financial institution. 18 U.S.C. § 1344. The government fails this basic pleading requirement for Counts Six and Seven. Indeed, it concedes facts that are fatal to its own stated fraud theory. Defendant Ryan Bloom therefore moves to dismiss Counts Six and Seven under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

#### I.      Background, Indictment, and Battaglia's False Statements

Ryan Bloom founded and operated Pathfinder HDD LLC, an electrical and utility construction company that helped build electric vehicle charging stations. In early 2023, Pathfinder entered a BusinessManager Agreement with Valliance Bank. The agreement provided liquidity to Pathfinder, allowing it to sell accounts to Valliance Bank in exchange for working capital.

When Pathfinder filed for bankruptcy in August 2023, Valliance accused Mr. Bloom of fraud. The government indicted him in July 2024 claiming that Mr. Bloom fraudulently induced Valliance to entering the agreement.

After the initial indictment, the FBI interviewed Micah Battaglia, owner of Dynamic EVC LLC—one of Pathfinder's customers. The interview focused on two accounts Pathfinder had sold to Valliance—represented by Invoice No. 4660 and Invoice No. 4661 for electric vehicle charging station projects in Bentonville and Springdale, Arkansas. *See infra* Figures 1 and 2. Battaglia told the FBI that Pathfinder was never hired for these projects and performed no work on them. As the government now concedes, both statements were false.

## II.  The Superseding Indictment

In May 2025, the government obtained a superseding indictment targeting ten accounts that Pathfinder sold to Valliance during June and July 2023. The superseding indictment alleges that "most" accounts were "for work that Pathfinder never completed or was never hired to complete." This theory contemplated fraud in two scenarios: Pathfinder sold accounts for work it was (1) never hired to perform or (2) hired to perform but never completed.

The Dynamic accounts fit neither scenario. Indeed, the government now agrees that Dynamic hired Pathfinder. *See* Ex. A at 3. The parties executed purchase orders for the projects in both charged counts, and those purchase orders include agreed upon progress milestones that provide for "35% at

2

mobilization." *See* Ex B.[1] The government also agrees that Pathfinder performed some work on the Dynamic projects. *See* Ex. A at 3.

Despite this, the government chose Pathfinder's work for Dynamic in Bentonville and Springdale for Counts Six and Seven of the superseding indictment under the theory that Pathfinder had not completed the work "in the amounts listed on the invoices." *Id.*; *see also* ECF No. 41.

That cannot be squared with the misrepresentations that the government has charged. No specific fraudulent misrepresentations are identified on the face of the superseding indictment—only accounts that the government claims are "false or fraudulent." But, in response to concerns raised by defense counsel, the government confirmed in writing that it plans to proceed under a fraudulent-misrepresentation theory, and the alleged fraudulent representations are "the statements on the invoices under the 'description' columns (which generally describe the project and, usually, it's (sic) location), the 'QTY' columns (which describe the percentage of the job completed), and the 'amount' and 'bill to' columns (which describe the amount

---

[1] In the construction industry, "[t]he Mobilization phase is a short interval between the completion of construction documents and the start of construction." UNIV. OF CHI. FACILITIES SERVS., Mobilization, https://facilities.uchicago.edu/construction/project_delivery_guide/process_phases/mobilization (last visited August 13, 2025).

owed by each charged third-party company[]).” Ex. A at 5. These alleged "false statements" are highlighted on Figures 1 and 2 below:



*Figure 1* - Invoice 4660



*Figure 2* - Invoice 4661

The alleged false statements are fundamentally inconsistent with the government's theory of the case. The government agrees that Dynamic hired Pathfinder, and that Pathfinder began work. Given these facts, the statements

4

on the invoice cannot constitute material misrepresentations. The Court should therefore dismiss Counts Six and Seven.

## LEGAL STANDARD

Rule 12(b) of the Federal rules of Criminal Procedure permits dismissal when an indictment fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). A pretrial dismissal under this rule "is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994) (upholding dismissal based on undisputed facts). This case exemplifies the rare circumstance where the superseding indictment is so deficient—given the now undisputed facts—that dismissal of certain counts is mandated.

## ARGUMENT

In the superseding indictment, the government seeks to criminally prosecute what appears to be an ordinary contract dispute. In Counts Six and Seven, the government goes further—it charges bank fraud without alleging even a plausibly false statement. Counts Six and Seven must be dismissed.

Federal bank fraud criminalizes schemes "to defraud a financial institution" or "to obtain any of the moneys" of such an institution "by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. By using the common-law term "defraud," the statute implicitly requires "misrepresentation or concealment of a material fact." *Neder v. United*

5

*States*, 527 U.S. 1, 21-25 (1999) (addressing the common-law meaning of fraud in the context of the mail, wire, and bank fraud statutes). Under *Neder*, material falsehoods are part of the crime's definition. *See, e.g.*, 10th Cir. Model Crim. Jury Instr. 2.58 (listing as first element that defendant knowingly participated in "a scheme or artifice to defraud" or "to obtain money or property . . . by means of false or fraudulent pretenses, representations, or promises." The government has identified "statements" contained within the invoices charged in Counts Six and Seven, but it must plausibly allege they are false.

The superseding indictment alleges that Pathfinder sold accounts for work it was either "never hired to complete" or "never completed." But the government now admits two fatal facts: (1) Dynamic hired Pathfinder for both projects, and (2) Pathfinder performed work on both projects. *See* Ex. A at 3. These concessions establish that the invoice statements are true, not false.

The government identifies four categories of allegedly fraudulent statements on the invoices: the "bill to" designations, the project descriptions, the quantity percentages, and the billing amounts. *See* Ex. A at 5. But each of these statements is demonstrably true given the government's own admissions. The "bill to" designations correctly identify Dynamic as the customer, which the government admits hired Pathfinder. The project descriptions accurately identify ongoing construction projects for which Pathfinder was hired and had begun work. The quantity percentages reflect

6

the amount due at mobilization—the purchase orders provide for "35% at mobilization," exactly the percentage shown on both invoices. *See* Ex. B. The billing amounts correspond to the agreed upon percentage.

The government's investigation was defective from the start. It indicted first and investigated later. When it finally interviewed Battaglia, it accepted his false statements without verification. Only after committing to a flawed theory did the government discover its error. Now, forced to abandon that theory, the government's alternative proves equally deficient—it contradicts the government's own admissions.

Because the government admits facts that establish the truth of the alleged statements, Counts Six and Seven fail to state an offense. The Court should dismiss them under Rule 12(b)(3)(B)(v).

| | |
|---|---|
| Date: August 15, 2025 | Respectfully submitted, |
| | */s/ Edward J. Canter* |
| | J. Alex Little (pro hac vice) |
| | Edward J. Canter (pro hac vice) |
| | Litson PLLC |
| | 54 Music Square E, Suite 300 |
| | Nashville, Tennessee 37203 |
| | |
| | *Attorneys for Ryan Bloom* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF system, which provided notice to all counsel of record.

*/s/ Edward J. Canter*
Edward J. Canter
