IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-24-266-J |
| | ) | |
| RYAN BLOOM, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO COMPEL WITNESS NOTES AND *BRADY* MATERIAL**

The United States files this supplement to its prior response to Defendant Ryan Bloom's Motion to Compel the Production of Witness Notes and *Brady* Material. Doc. 60. Mr. Bloom's Motion, Doc. 56, and his subsequent Reply, Doc. 72, are unsupported in neither law nor fact, and the Court should deny his request.

The Federal Rules of Criminal Procedure define specific categories of discoverable materials. "Upon a defendant's request," the United States "must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial;

or (iii) the item was obtained from or belongs to the defendant." Fed.R.Crim.P. 16(a)(1)(E). The United States also bears constitutional discovery obligations requiring it to produce evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). These discovery obligations extend to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *Giglio v. United States,* 405 U.S. 150, 153 (1972); *See* 405 U.S. at 153; *United States v. Torres,* 569 F.3d 1277, 1282 (10th Cir. 2009) ("Impeachment evidence is considered exculpatory for *Brady* purposes.")

Importantly, specific categories of evidence are excluded from the United States' discovery obligations. "Criminal defendants may not . . . embark on a "broad or blind fishing expedition among documents possessed by the Government." *Jencks v. United States,* 353 U.S. 657, 667 (1957) (quoting *Gordon v. United States,* 344 U.S. 414, 419 (1953) (internal quotation marks omitted). In particular, Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). And, the U.S. Department of Justice Manual, while setting forth internal policies and procedures that guide the United States' conduct, is not a legal

2

standard to which the United States is held. *See* U.S. Dep't of Justice Manual § 1–1.100. The Justice Manual does not create new categories of discoverable materials, and any purported violations of its policies does not constitute a justiciable action. The manual "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal[1].'" *United States v. Myers*, 123 F.3d 350, 55 (6th Cir. 1997); *United States v. Goodwin,* 57 F.3d 815, 818 (9th Cir.1995) (quoting *United States v. Lorenzo,* 995 F.2d 1448, 1453 (9th Cir.1993) (quoting U.S. Dep't of Justice Manual § 1–1.200) (internal quotation marks omitted)).

As articulated in the United States' prior Response, it has met and will continue to meet the standards set forth in Federal Rule of Criminal Procedure 16, as well as those established by *Brady*, *Giglio*, and their progeny. *See* Doc. 60 at 7. In support of his own Motion, however, Mr. Bloom offers nothing more

---

[1] Furthermore, Mr. Bloom does not fully and accurately cite the very Justice Manual policy that he accuses the United States of violating. That policy contains key qualifying language: "*whenever possible*, prosecutors should not conduct an interview without an agent present." U.S. Dep't of Justice Manual § 9.5002(b)(8) (emphasis added). Moreover, that same provision notes that—while "generally speaking, witness interviews should be memorialized by an agent"—such memorialization is "not required by law." *Id*. If Mr. Bloom believes that a clarifying email from a prospective witness represents a proper line of impeachment, cross-examination of that witness at trial will afford him ample opportunity to explore it.

3

than the very sort of speculative allegations that the Tenth Circuit, and the U.S. Supreme Court, have condemned as "broad or blind fishing expedition[s]." *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks* v. United States, 353 U.S. 657, 667 (1957) (internal quotation marks omitted)).

Mr. Bloom asks this court to order the United States to produce notes purportedly taken by Mr. Dilbeck during conversations he had with a prospective witness, Alison Hammond. In support of his Motion, Mr. Bloom speculates that Mr. Dilbeck had multiple substantive conversations with Ms. Hammond, that he did so in violation of internal DOJ policies, that Mr. Dilbeck made notes of those conversations, and that those notes contained *Brady* or *Giglio* material. *See* Doc. 56 at 6–8. Mr. Bloom has set forth no authority—and the United States is aware of none—that overrides Rule 16(a)(2)'s exclusion of internal government documents from the United States' discovery obligations, assuming that such notes existed in the first place.

In sum, the United States is aware of no legal basis that supports the production of Mr. Dilbeck's purported notes, and Mr. Bloom has cited none. Additionally, the court should properly deny Mr. Bloom's motion to compel because the United States is not in possession of any documents responsive to Mr. Bloom's request. The United States is already required by law to produce all material that could be considered exculpatory, mitigating, or impeachment evidence. There is no need to issue an order compelling the government to

4

fulfill an obligation it is already legally bound to perform. Therefore, as more fully set forth in the United States' Response, Doc. 60, Mr. Bloom's Motion to Compel should be denied.

                                  Respectfully submitted,

                                  ROBERT J. TROESTER
                                United States Attorney

                                s/DANIELLE LONDON
                                Assistant U.S. Attorney
                                Texas Bar No. 24081081
                                210 Park Avenue, Suite 400
                                Oklahoma City, Oklahoma 73102
                                (405) 553-8700 (Office)
                                (405) 553-8888 (Fax)
                                Danielle.London@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 20, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Ted Canter, Alex Little, David Ogle, and Garin Chance, counselors for Ryan Bloom.

                                              s/DANIELLE LONDON
                                              Assistant U.S. Attorney

6