IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No.  CR-24-266-J |
| RYAN BLOOM, | ) ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO CONTINUE

The United States and the defendant, Ryan Bloom, jointly move this Court to continue the trial scheduled for the December 2025 trial docket to the February 2026 trial docket. In support, the parties state as follows:

1. On July 2, 2024, a grand jury returned an indictment against Mr. Bloom charging him with bank fraud, in violation of 18 U.S.C. § 1344. Doc. 1.

2. On May 20, 2025, the government obtained a superseding indictment charging Mr. Bloom with ten counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of witness tampering, in violation of 18 U.S.C. § 1512. Doc. 41.

3. On June 10, 2025, Defendant waived his personal appearance at arraignment and pleaded not guilty. Doc. 44.

4. The Court set trial for the September trial date. Doc. 43.

5. After extensive pretrial briefing on a variety of matters, the Court reset the trial date to the October 2025 docket. Doc. 78.

6.  The Court granted Defendant's unopposed motion to continue the trial to December 2025 based on lead defense counsel's trial scheduling conflicts. Doc. 86.

## ARGUMENTS AND AUTHORITIES

Although the Speedy Trial Act (STA) requires that a defendant be tried within 70 days from his first appearance before a judicial officer, *see* 18 U.S.C. § 3161(c)(1), periods of delay are considered excludable in certain situations. *See id.* § 3161(h); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

Section 3161(h)(7)(B) sets forth the factors, among others, which the Court shall consider when ruling on a motion for a continuance. A period of delay that is excludable under the STA is any delay caused by a continuance "that [serves] the ends of justice" and "outweigh[s] the best interest of the public and defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Importantly, this ends-of-justice provision "gives the district court discretion to accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006)

The parties have engaged in extensive and productive discussions aimed at reaching a pre-trial resolution of this case. These discussions have the potential to resolve all charges without the need for a trial. However, the contemplated resolution requires additional procedural steps to complete. The parties understand that those steps should be completed in or before January 2026.

In light of that, a continuance of the trial date from December 2025 to February 2026 will provide the parties with sufficient time to finalize their discussions. This

additional time serves judicial economy by potentially obviating the need for trial and conserving the Court's resources.

Mr. Bloom consents to this continuance and waives his rights under Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, during this period.

This continuance will not prejudice either party. Both the government and the defense believe that the additional time will benefit all parties and serve the interests of justice.

## **CONCLUSION**

The interests of justice support a continuance to February 2026. This motion is not made for purposes of delay, but to best serve the interests of justice. Therefore, the parties respectfully request this case be set for trial on the February 2026 docket.

Date: November 20, 2025

Respectfully submitted,

*/s/ Danielle London*
Danielle London
Assistant United States Attorney
Texas Bar Number 24081081
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Phone: 405-553-8700
Danielle.London@usdoj.gov


*/s/ Edward J. Canter*
J. Alex Little (*pro hac vice*)
Edward J. Canter (*pro hac vice*)
Litson PLLC
54 Music Square E, Suite 300
Nashville, Tennessee 37203

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  J. Alex Little, Zachary Lawson, Edward Canter, David Ogle, and Derek Chance, counsel for Defendant Ryan Bloom

                                        */s/ Danielle London*
                                        Danielle London