# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | No. <u>CR-24-266-J</u> |
| ) | |
| **RYAN BLOOM,** ) | |
| ) | |
| **Defendant.** ) | |

**UNITED STATES' UNOPPOSED MOTION FOR LEAVE TO FILE
DOCUMENT UNDER SEAL**

Pursuant to LCrR12.2, counsel for the United States requests an Order permitting the Pre-Trial Diversion Agreement to be filed under seal. The United States has entered into a Pre-Trial Diversion Agreement with the defendant pursuant to Department of Justice policy. The United States seeks narrowly tailored sealing of the Agreement to protect law-enforcement, privacy, and prosecutorial interests that outweigh any public interest in access.

"It is clearly established that court documents are covered by a common law right of access." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). This strong presumption of openness can be overcome where countervailing interests heavily outweigh the public interests in access. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 41 (10th Cir. 2012). "A court has authority to

seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). The presumption in favor of public access is strong where the court uses sealed documents to determine litigants' substantive legal rights. *Id.* at 1302.

The Agreement does not resolve any contested legal issue before the Court or require Court adjudication of substantive legal rights. It further anticipates dismissal of the pending criminal charges, subject to conditions specified in the Agreement. It directs the Court Clerk for the Western District of Oklahoma to accept restitution in accordance with the schedule set forth in the Agreement. Because the Court's role with respect to the Agreement is supervisory and administrative, the Agreement does not have the same strong presumption of public access as a core adjudicative record. Pre-Trial Diversion is an exercise of prosecutorial discretion to allow eligible individuals to satisfy specified conditions and pay restitution, when appropriate. Public disclosure of Pre-Trial Diversion Agreements would undermine its purpose and interfere with the United States' ability to administer diversion consistently and effectively.

Therefore, the United States requests that the Court issue an Order sealing the Pre-Trial Diversion Agreement. Counsel for the Defendant, Ted Canter, is not opposed to this request.

                                                Respectfully submitted,

                                                ROBERT J. TROESTER
                                                United States Attorney

                                                s/DANIELLE LONDON
                                                Assistant U.S. Attorney
                                                Texas Bar No. 24081081
                                                210 Park Avenue, Suite 400
                                                Oklahoma City, Oklahoma 73102
                                                (405) 553-8700 (Office)
                                                (405) 553-8888 (Fax)
                                                Danielle.London@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 23, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  Ted Canter, Alex Little, David Ogle, and Garin Chance, counselors for Ryan Bloom

                                      <u>s/DANIELLE LONDON</u>
                                      Assistant U.S. Attorney